# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

THADDEUS COLLIER                                                                    PETITIONER

v.                              NO. 5:16-cv-00189 JM/PSH

WENDY KELLEY, Director of the                                                       RESPONDENT
Arkansas Department of Correction

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## FINDINGS AND RECOMMENDATION

I. <u>STATE AND FEDERAL COURT PROCEEDINGS</u>. On October 23, 2014, petitioner Thaddeus Collier ("Collier") pleaded guilty in Pulaski County, Arkansas, Circuit Court to several criminal offenses and was sentenced as an habitual offender to an aggregate term of 420 months in the custody of respondent Wendy Kelley ("Kelley").[1] See Document 7, Exhibit H. A sentencing order containing the terms of Collier's plea and sentence was not entered on the docket, though, until November 4, 2014. He did not appeal any aspect of his plea or sentence.[2]

On May 19, 2015, Collier filed a state trial court petition for writ of error coram nobis. See Document 7, Exhibit J. In the petition, he challenged his guilty plea on the ground that it was not voluntarily entered. He so maintained because he alleged suffered from a mental impairment at the time he entered his plea. He additionally maintained in the petition that his attorney provided ineffective assistance of counsel. Collier's petition was denied on July 28, 2015, see Document 7, Exhibit K, and he did not appeal the adverse decision.

---

[1] The sentencing order reflects that Collier pleaded guilty to one count of rape and received a sentence of 420 months, one count of aggravated residential burglary and received a sentence of 420 months, one count of possession of firearms by certain persons and received a sentence of 420 months, one count of battery in the second degree and received a sentence of 180 months, and two counts of terroristic threatening and received sentences of 180 month each. See Document 7, Exhibit H. The sentences were ordered to be served concurrently.

[2] Arkansas Rule of Appellate Procedure-Criminal 1(a) provides that there is no direct appeal from a guilty plea. Although there are exceptions to that rule, see Canada v. State, 2014 Ark. 336, 439 S.W.3d 42 (2014), none of the exceptions were present in this instance.

On June 20, 2016, Collier commenced the case at bar by signing and placing in the Arkansas Department of Correction ("ADC") mail system a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, Collier challenged the voluntariness of his guilty plea and advanced the following claims in support of his challenge:

> Ineffective assistance of counsel. I have a long history of mental disease and defect and have been ... on serious mind altering medications. I don't act right or understand things when I am off medications and when I am on my medications it limits my coherence at times. My lawyer only came to see me at the jail 2 times. He insisted I plead guilty and did not fully counsel me as to my rights. He did not investigate or pursue evidence in my defense or which might have been used in mitigation. He was hostile, rude, belligerent with my parents when they sought to provide him with information about my mental history, my medications, and issues related to my defense and mitigation.
>
> …
>
> Mental issues and history defense and mitigation ignored by trial counsel. My lawyer abandoned preparing a defense in mitigation. I have a long history of mental commitments, psychotropic drug administration, hallucinations, and other mental issues that while they might not be the basis for a "non guilty by reason of mental disease or defect" defense, would certainly be mitigators as part of a mitigation defense. My trial lawyer refused to discuss or even investigate my claims.

See Document 1 at CM/ECF 5, 7.

Kelley thereafter filed a response to the petition. In the response, she maintained that Collier's petition should be dismissed because it is barred by limitations and, alternatively, because the claims contained in the petition are procedurally barred from federal court review.

Collier was accorded an opportunity to file a reply, but he did not do so. He did, though, offer the following representation in his petition regarding the timeliness of his petition: "I was denied effective counsel and advised by that very counsel that I had no further rights. My counsel shredded my file so any materials or documentation that might have been helpful to my defense or post conviction relief are now gone." See Document 1 at CM/ECF 13. Collier also offered the following representations in his petition regarding whether his claims are procedurally barred from federal court review:

> As part of my limited mental capacity, my lawyer said I had no right to appeal, which is technically true as to an "appeal" but I received no counseling or advice that would pertain to post conviction remedies. My family advised my lawyer on my behalf that they wanted further relief, but that was ignored. When I tried to get my file, my lawyer had shredded my file.

See Document 1 at CM/ECF 5, 7. Collier additionally alleged that he is an indigent who lacked the means and knowledge to pursue timely post-conviction relief.

II. <u>LIMITATIONS</u>. A state prisoner has one year during which he can file a petition pursuant to 28 U.S.C. 2254. If he does not file a petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the beginning of the one year limitations period, two of which might be applicable in this instance.[3]

---

[3] The other triggering events or dates codified at 28 U.S.C. 2244(d) have no application in this instance. First, there is no evidence that the State of Arkansas created an impediment to Collier's filing of a petition pursuant to 28 U.S.C. 2254. See 28 U.S.C. 2244(d)(1)(B). Second, the constitutional rights asserted by Collier were recognized by the United States Supreme Court well before he pleaded guilty. See 28 U.S.C. 2244(d)(1)(C).

28 U.S.C. 2244(d)(1)(D) provides that the one year limitations period shall run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." The factual predicate of a claim or claims constitute the vital facts underlying the claims. See Earl v. Fabian, 556 F.3d 717 (8th Cir. 2009).

It is possible to construe Collier's petition to contain an assertion that he was suffering from a mental impairment at the time of his guilty plea, and the disability caused by the impairment prevented him from discovering the factual predicate of his claims until now. Such an assertion, though, is not supported by the facts because Collier knew, or should have known, of his claims on or about the day he entered his guilty plea. In a forensic examination report prepared prior to trial, he was found mentally competent. See Document 7, Exhibit D. He then withdrew his challenge to his competency and elected to plead guilty. See Document 7, Exhibit E. In short, there is no evidence he suffered from a mental impairment at the time he entered his plea.

The applicable triggering event or date in this instance is found at 28 U.S.C. 2244(d)(1)(A). It provides that the one year limitations period shall run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Even though a defendant who pleads guilty in the State of Arkansas is generally barred from appealing, the judgment is nevertheless deemed to become final by the expiration of the time for appealing, i.e., thirty days. See Camacho v. Hobbs, 774 F.3d 931 (8th Cir. 2015).

In this instance, Collier pleaded guilty on October 23, 2014. A sentencing order containing the terms of his plea and sentence was not entered on the docket, though, until November 4, 2014. The thirty day period recognized in Camacho v. Hobbs commenced on that date and concluded on December 4, 2014, at which time his conviction became final.

Collier's conviction became final on December 4, 2014, and the one year limitations period commenced the following day. He had up to, and including December 4, 2015, to file a petition pursuant to 28 U.S.C. 2254. He filed the petition at bar on June 20, 2016, when he signed it and placed it in the ADC mail system. He therefore filed his petition 563 days after his conviction became final, or more than one year after it became final. Given the foregoing, the following two questions arise: first, are there periods of time that can be excluded from the 563 day period, making the petition timely; and second, assuming there are insufficient periods of such time, is equitable tolling appropriate?

With regard to the first question, 28 U.S.C. 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief or other collateral review is pending shall not be counted toward the one year limitations period. Kelley concedes in her response that Collier's state trial court petition for writ of error coram nobis was a properly filed application for post-conviction relief or other collateral review, and the period it was pending should not be counted toward the one year limitations periods.

Collier filed his state trial court petition for writ of error coram nobis on May 19, 2015, and it was denied on July 15, 2015. It was therefore pending for fifty-seven days, and that period must be excluded from the 563 day period from December 5, 2014, i.e., the day the one year limitations period commencement, to June 20, 2016, i.e., the day he filed the petition at bar. Should the undersigned also exclude the thirty day period during which Collier could have appealed the denial of his petition for writ of error coram nobis? The undersigned knows of no authority to support such a proposition but will nevertheless also exclude that period from the 563 day period. There are no other excludable periods. A total of eighty-seven days must be excluded from the 563 day period. Thus, there were 476 "countable" days between the day the one year limitations period commencement and the day Collier filed his petition. Because the "countable" days exceed one year, the question is whether equitable tolling is appropriate.

In Finch v. Miller, 491 F.3d 424 (8th Cir. 2007), the Court of Appeals identified the circumstances under which equitable tolling is appropriate. The Court of Appeals stated the following as to those circumstances:

> To be entitled to equitable tolling, [petitioner] must show (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. ... Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. ... Equitable tolling is an exceedingly narrow window of relief. ...

See Id. at 427-428.

Collier maintains that he was prevented from filing a timely petition pursuant to 28 U.S.C. 2254 because he was denied effective legal representation, was advised he had no post-conviction remedies, and never had access to his trial attorney's file. Collier also maintains that he is an indigent who lacked the means and knowledge to file a timely petition and, alternatively, he was mentally incompetent and unable to file a timely petition.

Applying the standard articulated in <u>Finch v. Miller</u> to the facts of this case, the undersigned finds that equitable tolling is not warranted. Collier has failed to show that some extraordinary circumstance stood in his way and prevented him from filing a timely petition. The undersigned knows of no support for the proposition that trial counsel is obligated to inform his client of the one year deadline for filing a petition pursuant to 28 U.S.C. 2254, and Collier had no right to counsel at the post-conviction stage. <u>See</u> <u>Cox v. Burger</u>, 398 F.3d 1025 (8th Cir. 2005). Collier's <u>pro se</u> status is not an extraordinary circumstance, nor is his lack of legal knowledge or resources. <u>See</u> <u>Kreutzer v. Bowersox</u>, 231 F.3d 460 (8th Cir. 2000). Although the destruction of a file may constitute an extraordinary circumstance, he has not identified a document that was destroyed and could not be obtained from another source. A petitioner's lack of mental competency can be an extraordinary circumstance, but Collier was not mentally incompetent during the relevant period. He was examined prior to trial, found to be competent, and then withdrew his challenge to his competency. It is also worth noting that he possessed sufficient mental facilities to file a timely petition for writ of error coram nobis.

Although equitable tolling is not warranted, Collier's petition may nevertheless be considered if he can satisfy the miscarriage of justice/actual innocence exception. See McQuiggin v. Perkins, 569 U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). The exception provides that the limitations bar will be lifted if a petitioner presents new evidence affirmatively demonstrating he is innocent of the crime for which he was convicted. See Murphy v. King, 652 F.3d 845 (8th Cir. 2011).

Applying the miscarriage of justice/actual innocence exception to the facts of this case, the undersigned is not persuaded that the limitations bar should be lifted. Collier has not produced new evidence affirmatively demonstrating he is innocent of the crimes for which he was convicted. The only evidence he has produced is old evidence in the form of another challenge to his mental competency. The issue was raised prior to trial, and a forensic examination was conducted. The report prepared following the examination reflects that Collier was found mentally competent. He later withdrew his challenge to his competency.

Given the foregoing, there is no reason for excusing or overlooking Collier's failure to file a timely petition pursuant to 28 U.S.C. 2254. The undersigned recommends that his petition be dismissed because it is barred by limitations.

III. PROCEDURAL BAR. Kelley also maintains that the claims contained in Collier's petition are procedurally barred from federal court review. Kelley so maintains because Collier failed to properly present them to the state courts of Arkansas. Although Collier's petition is barred by limitations, the undersigned will briefly address Kelley's assertion.

Collier did not properly present the claims at bar to the state courts of Arkansas because he failed to appeal the adverse determination of his petition for writ of error coram nobis.[4] His failure to do so prevented the state courts for having the first opportunity to address his claims. He therefore procedurally defaulted in litigating the claims. The only questions are whether he can show cause for his procedural default or that a fundamental miscarriage of justice will occur if the claims are not considered.

Collier offers his trial attorney's ineffectiveness as cause for the procedural default. Although ineffective assistance of counsel can serve as cause for a procedural default, there is no evidence Collier received ineffective assistance of counsel. Moreover, the circumstances giving rise to the procedural default did not arise from any failure on trial counsel's part; instead, they arose from Collier's failure to appeal the adverse determination of his petition for writ of error coram nobis. See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998) (appeal to state appellate court required).

Collier also offers his lack of mental competency as cause for the procedural default. There is no merit to his assertion. As the undersigned has observed, there is no evidence he was mentally incompetent. His competency was raised prior to trial, and a forensic examination was conducted. He was found mentally competent, and he withdrew his challenge to his competency.

---

[4] Collier pursued post-conviction relief but did not do so pursuant to Arkansas Rule of Criminal Procedure 37.1 Instead, he filed a state trial court petition for writ of error coram nobis. In the petition, he alleged most, if not all, of the claims he now raises in his petition pursuant to 28 U.S.C. 2254. The petition for writ of error coram nobis was denied, but Collier did not appeal the adverse determination.

Given the foregoing, the undersigned finds that Collier has not shown cause for the procedural default of the claims at bar. They are procedurally barred from federal court review, and his petition should also be dismissed for that reason.[5]

IV. <u>RECOMMENDATION</u>. Given the foregoing, it is recommended that Collier's petition be dismissed, all requested relief be denied, and judgment be entered for Kelley. In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases In The United States District Courts, a certificate of appealability should also be denied.

DATED this 19th day of October, 2016.

_____
UNITED STATES MAGISTRATE JUDGE

---

[5] Collier appears to also maintain that he is actually innocent and a fundamental miscarriage of justice will occur if the claims at bar are not considered. He has failed, though, to offer "new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." See <u>Abdi v. Hatch</u>, 450 F.3d 334, 338 (2006).